IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
<u>Richmond Division</u>

LEA T. ENFIELD,

     Plaintiff,

v.                                  Civil Action No.:  _____

VIRGINIA CREDIT UNION, INC.,
**SERVE:**     **Christopher M. Shockley**
                **Registered Agent**
                **7500 Boulders View Drive**
                **North Chesterfield, VA 23225-4046**

     Defendant.

**JURY TRIAL
DEMANDED**

**<u>COMPLAINT</u>**

The plaintiff Lea T. Enfield ("Ms. Enfield"), by counsel, submits this Complaint against the defendant Virginia Credit Union, Inc. ("VACU"), as follows:

<u>INTRODUCTION</u>

Ms. Enfield brings this civil action seeking reinstatement and recovery of lost salary and benefits, as well as liquidated damages, and attorney's fees, because VACU dismissed her from employment and interfered with her rights to medical leave, in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq.

<u>THE PARTIES</u>

1. Ms. Enfield resides in Henrico, Virginia. She is eligible for FMLA protection by having worked for VACU for over 12 months prior to taking leave, and in excess of 1250 hours during those 12 months, pursuant to 29 U.S.C. § 2611(2)(A).

2. VACU is a not-for-profit financial cooperative operating in central Virginia. Its principal office is located at 7500 Boulders View Drive, North Chesterfield, Virginia 23225-4046.

3. At all times during the events complained of herein, VACU was an "employer" as defined in Section 101(4) of the FMLA, 29 U.S.C. § 2611(4).

<u>JURISDICTION AND VENUE</u>

4. Jurisdiction over Ms. Enfield's claims is based on 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. 2617(a)(2) (private right of action for interference with FMLA rights). Venue is proper in this District as the location of the parties and the events described herein.

<u>ALLEGATIONS</u>

5. Ms. Enfield began working for VACU on August 5, 2002, as a bank teller. At the time of her dismissal, she was earning approximately $22.00 per hour, plus fringe benefits.

6. Over the past 4-5 years Ms. Enfield was rated as "major" and "exceptional" in her annual performance evaluations. Until Ms. Enfield began experiencing the serious medical condition that led her to take a medical leave of absence, she was never subjected to formal or informal discipline.

7. During mid-2020, Ms. Enfield began receiving written notices of mistakes referred to by VACU as member impact errors. These are errors that are not immediately caught or corrected and thus impact a VACU member's account and need to be formally remedied.

8. As a result, Ms. Enfield began seeing her primary care physician and an endocrinologist to see if she was undergoing physical or mental health changes that were causing or contributing to the mistakes she was making that she had never made previously.

9. Ms. Enfield was experiencing foggy-headedness, extreme fatigue, confusion and constant headaches and neck pain. Her OB/GYN prescribed me hormone replacement medicine. During this time, she was also seeing a therapist for depression and anxiety.

10. Ms. Enfield's condition required "continuing treatment by a health care provider" and thereby constituted a "serious health condition" as defined under Section 101(11) of the FMLA, 29 U.S.C. § 2611(11).

11. In March 2021, Ms. Enfield made VACU branch management aware of her medical conditions and the steps that she was taking to remedy my health.

12. During this time, the Branch Operations Manager, Stephen Richardson, assigned Ms. Enfield to the drive thru teller position every Friday. Fridays are the busiest days and cause the most prolonged mental fatigue due to the number of customers and transactions. As a result, Fridays typically have the most potential for making the highest number of member impact errors.

13. Ms. Enfield asked Richardson on at least three occasions if she could be assigned to the lobby teller position on some Fridays instead of the drive thru in order to lessen the mental and emotional toll that she was experiencing. This request was for a reasonable accommodation of her disability. Richardson refused this request, stating that all of the employees wanted a set schedule.

14. Ms. Enfield also made the same request for accommodation of Drenda Jenkins, the Branch Manager, who also refused. Some of Ms. Enfield's former co-workers also asked Richardson to be assigned to the drive-thru teller position in order to accommodate her and give a break, but Richardson again refused.

15. On June 10, 2021, Richardson issued Ms. Enfield a final warning about performance issues.

16. Due to her worsening conditioned and the impact it was having on her work performance, Ms. Enfield I took an FMLA-protected medical leave of absence the next day from between June 11-30, 2021. Following a pre-approved vacation, Ms. Enfield returned to work on July 13, 2021.

17. On July 27, 2021, Ms. Enfield amended her FMLA leave with the VACU Employee Relations Department to allow intermittent leave for physician appointments.

18. Just two days later, however, on July 29, 2021, Bromby Bradley, VACU Employee Relations Manager, told Ms. Enfield via telephone that her employment was terminated effective immediately. When she asked for the reason, Bradley said that it was because Jenkins had to speak with Ms. Enfield several times recently about her performance. Ms. Enfield responded that no one had said anything to about her performance since returning from medical leave and vacation on July 13, 2021.

19. Bradley repeated her false statement that Jenkins had spoken to Ms. Enfield about performance issues since returning from leave and vacation. Ms. Enfield asked if Bradley was referring to performance issues before taking leave since no had spoken with her about performance issues since the final warning issued prior to taking leave.

20. Ms. Enfield reiterated to Bradley that she had made no member impact errors since returning from leave and was also reaching her loan targets. Ms. Enfield informed Bradley that her FMLA leave approval had just been amended and that she was still working through depression and anxiety problems. Bradley replied that the termination had nothing to do with her

FMLA or the depression and anxiety issues she was experiencing. Rather it was solely about Ms. Enfield's purported recent performance issues.

21. When Ms. Enfield protested once again that no one had brought up performance issues since returning from leave, Bradley raised her voice and said, "I need you to calm down and listen to what I am going to tell you and you need a pen and paper to write everything down."

22. VACU discriminated against Ms. Enfield by firing her for taking FMLA-protected leave, which interfered with the exercise of her rights to take leaves of absence for a serious medical condition, which leaves are protected from interference under the FMLA, 29 U.S.C. § 2615(a)(1).

23. Ms. Enfield's termination from employment caused her to lose wages and employee-related fringe benefits. She is entitled to reinstatement, her lost wages and benefits, liquidated damages equal to the amount of lost salary and benefits, plus interest and attorney's fees, pursuant to the FMLA, 29 U.S.C. § 2617(a).

<u>COUNT I</u>
INTERFERENCE WITH EXERCISE OF FMLA RIGHTS
29 U.S.C. § 2615(a)(1)

24. By terminating her employment without justification for taking a medical leave of absence, as described herein, VACU interfered with Ms. Enfield's rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(1).

25. Ms. Enfield's injuries under this Count entitle her under the FMLA, 29 U.S.C. § 2617(a), to reinstatement and an award of damages for (a) lost wages, benefits and other compensation; (b) liquidated damages in an amount equal to such lost wages, benefits and other compensation; (c) attorney's fees; (d) costs of suit; and (e) pre-and post-judgment interest.

WHEREFORE, the plaintiff Lea T. Enfield demands judgment against the defendant Virginia Credit Union, Inc., awarding her reinstatement and compensatory and liquidated damages of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00), plus attorney's fees and costs of suit, and such other and further relief as this Court may deem just and proper.

**A JURY TRIAL IS DEMANDED PURSUANT TO FED. R. CIV. P. 38.**

Respectfully submitted,

LEA T. ENFIELD

By: */s/ Scott G. Crowley*
Counsel

Scott Gregory Crowley (VSB # 31216)
Crowley & Crowley, P.C.
Overlook II Building
4870 Sadler Road, Suite 300
Glen Allen, VA  23060
Tel.:  (804) 205-5010
Fax: (804) 205-5001
E-mail: scrowley@crowleyandcrowley.com
*Counsel for Lea T. Enfield*